838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ARTS FESTIVAL ASSOCIATION OF ATLANTA, INC., Plaintiff-Appellee,
v.
Jerry BRASWELL, Defendant-Appellant.
 No. 87-1517.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 30, 1987.
Decided: Jan. 19, 1988.
 
 Jerry Braswell for appellant.
 James B. Craven, III for appellee.
 Before JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jerry Braswell appeals the district court's grant of summary judgment to the Atlanta Arts Festival Association in its action against him for recovery on a promissory note. Braswell contends that genuine issues of material fact existed as to whether there was consideration for his signing the note, as to the date the note was signed, and concerning details of the initial payment on the note. We agree with the district court that no material issue of fact existed as to any of these issues.
 
 
 2
 Braswell's brother, Herbert Braswell, was discharged from his position with the Association and faced a Georgia state criminal charge and a civil suit for allegedly embezzling funds from the Association. The civil case was settled when Herbert and his brother Jerry, the defendant and appellant in this case, executed a note to the Association to cover the embezzled funds in the principal amount of $50,000, to be paid in yearly installments. The initial payment was made, but the Braswells defaulted on the second installment. The note was accelerated, called, and this action on the note was filed against Jerry Braswell in the district court. In Jerry Braswell's amended answer, he averred that there was no consideration given to him for signing the note. Braswell did not respond to the Association's motion for summary judgment, but on his motion for a new trial[1] he contended that consideration to him for signing the note as an accommodation maker was lacking. Nevertheless, there was consideration to his brother, the primary maker of the note, and as the district court correctly noted, the absence of separate consideration to the accommodation maker was not a defense. Nor do we find merit in Braswell's contention that material issues of fact existed concerning the execution date of the note and the details concerning the initial payment.
 
 
 3
 In view of the above, the judgment of the district court is affirmed.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Appropriately treated by the district court was a motion to alter judgment under the Federal Rules of Civil Procedure 59(e)